Lewistown-Reedsville Water Co., Appellant, v. The P. S. C. and The Viscose Co.

Argued October 17, 1933.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Berne H. Evans,* for appellant.

*E. Everett Mather, Jr.,* Assistant Counsel, and with him *Paul H. Rhoads, Samuel G. Miller,* Legal Assistants, and *John Fox Weiss,* Counsel, for appellee.

*J. H. Ward Hinkson,* for The Viscose Company, intervening appellee.

OPINION BY KELLER, J., December 16, 1933:

This appeal is concerned with the interpretation to be placed on the tariff, or schedule of rates, filed by appellant, effective April 1, 1922.

The material portions involved are as follows:

"METER RATES

The charge for water served by meter shall be according to the following 'READINESS-TO-SERVE' and 'OUT-PUT' charges:

'READINESS-TO-SERVE' CHARGE (Includes no water)

| Size of meter | Monthly charge |
|---|---|
| ½ in. or ⅝ in. meter ............. | $ .50 (R) (C) |
| * * * * * * * * * * * * | |
| 4 in. meter ................... | 12.00 |
| * * * * * * * * * * * * | |

'OUT-PUT' CHARGE (In addition to 'READINESS-TO-SERVE' charge)

| | Per 1,000 gallons |
|---|---|
| For the first 5,000 gal. per month .. | $.30 |
| For the next 45,000 gal. per month .. | .20 |
| For the next 600,000 gal. per month .. | .07 |
| For all over 650,000 gal. per month .. | .04 |

......Rule 8. No more than one single building and no more than one single family or establishment shall be supplied by a single service line, except as approved or ordered by the Company.

"Where two or more buildings, already constructed and now supplied, or two or more families or establishments are supplied by a single service line, with the approval of the Company, and where the application for furnishing water service is signed by the owner of all the buildings or of the buildings so supplied, a single meter may be installed, and the contract for furnishing water shall in such cases be made by the owner; an additional service charge equal to two-thirds of full charge will be made for each such family or establishment."

The Viscose Company, complainant below and intervening appellee in this court, erected a large manufacturing plant in Granville Township, Mifflin County, and in connection therewith constructed an industrial housing group of 250 residential units for its employees, two stores, eleven fire hydrants and a sewage disposal plant.

The appellant furnishes public water supply service to (1) the manufacturing plant and (2) the industrial housing section above-mentioned, by independent lines. The manufacturing plant is not involved in this case, which is confined to the supply to the industrial housing group. The appellant furnishes water to this entire development through a single eight-inch pipe, measured by a battery of two four-inch meters. The water thus furnished is pumped by Viscose Company to a stand pipe upon its premises, from whence it flows to the houses, etc., constituting the industrial group. The entire system of distribution, after the water passes through the two four-inch meters, including pump, stand pipe, mains and supply pipes, was erected and is maintained at the sole expense of The Viscose Company. No meters are installed in any of the houses or consumption units; and no charge is made by Viscose Company to its employees for the water used by them, or furnished for their benefit by

way of fire protection or sewage disposal. The entire cost of the water supplied is borne by the employer, the Viscose Company.

In billing the Viscose Company for the water supplied to this industrial housing section the water company not only made an additional service charge of two-thirds of the full readiness-to-serve charge for each family or establishment supplied with water, based on a half-inch or five-eighths inch meter, under Rule 8, but also attempted to average the total amount of water among the various houses, as if each householder were its separate customer, instead of treating the Viscose Company as one consumer and applying to it the out-put charge in accordance with its tariff. In this way the Viscose Company, though using very large quantities of water, as measured by the two four-inch meters, got no benefit of the lower out-put rates fixed for quantities used in excess of 50,000 gallons a month, but was charged thirty cents a thousand gallons for the first 1,250,000 gallons per month consumed—on the basis of 5,000 gallons for each of 250 houses—and twenty cents a thousand gallons for the rest. It complained to the Commission, which after a hearing upheld the water company's additional service charge of two-thirds of the full readiness-to-serve charge of fifty cents per month for each house or establishment, but sustained the complaint as respects the calculation of the out-put charges, as not being justified by any fair or reasonable interpretation of Rule 8.

We agree with the Commission. We deem it unnecessary to add much to the report, which fully sustains the Commission's action.

When by Rule 8, the water company provided that with its approval two or more families or establishments might be supplied by a single service line and a single meter installed, in which event "the *contract*

—[in the singular]—for furnishing water shall in all cases be made by the owner," and "an additional service charge equal to two-thirds of full charge will be made for each such family or establishment," it, by a fair construction, limited its extra or additional compensation, in such event, to the readiness-to-serve charges provided for in its tariff, and could not properly refuse to apply the out-put charge as fixed in the tariff to the water consumed at the meter, nor, in effect increase the rates by applying the tariff as if each family had a separate meter, and dividing the total consumed among the number of families. The water company is benefited by being relieved of the expense of the construction and upkeep of the distribution system, by having only one meter to look after and one responsible customer to bill. Besides it receives the additional 'readiness-to-serve' charge which it set forth in its tariff as the quid pro quo for its approval of supplying two or more families by one service line and one meter. Had it intended, in addition, to modify its out-put charges so that its out-put tariff in such cases should not apply to the water measured at the meter, but should be reckoned on the basis of the average obtained by dividing the quantity consumed at the meter by the number of houses using the water, it should have clearly expressed such intention in the language used. The rule is its own. It should be construed, in case of ambiguity, against the framer and in favor of the consumer. But as we view it, there is no ambiguity. The water company, in its tariff, fixed the conditions attached to its approval of the supplying of water to two or more families, etc., through a single service line and a single meter. Those conditions have been recognized and upheld by the commission. Its order simply requires the appellant to abide by its own tariff as long as it remains effective.

No other consumers of the water company have complained or are complaining of any discrimination against them in the tariff provision under consideration; and the commission finds no cause for itself initiating any action on their behalf.

The case of Hunter v. P. S. C., 100 Pa. Superior Ct. 589, 168 Atl. 541, has no applicability to the matter here under consideration.

The appeal is dismissed and the order of the commission affirmed.

Judge CUNNINGHAM took no part in the consideration or decision of this case.